Klose v. Bogue.

CHARLES KLOSE V. C. H. BOGUE ET AL.

FILED OCTOBER 20, 1897.     No. 7491.

Review: SUFFICIENCY OF EVIDENCE. There is involved in this case only a question of fact, and the evidence being sufficient to support the finding of the trial court, the judgment is affirmed.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*W. A. Prince,* for plaintiff in error.

*W. H. Thompson, contra.*

NORVAL, J.

A single question is presented for review, which is that the verdict is unsupported by the evidence. The action was by Charles Klose to recover the sum of $423.08 as a balance alleged to be due him on the purchase price of 192,000 bricks at $8.25 per 1,000. There is no controversy over the number of bricks sold and the price per 1,000. It it undisputed that $1,160.92 had been paid plaintiff prior to the bringing of this suit. The defense interposed is that the bricks were sold to one S. D. Kelley, and not to defendants, and that the contract was that plaintiff was to accept, as part of the consideration, lot 16, in block 11, College Addition to West Lawn, in the city of Grand Island, at the agreed price of $250; that subsequently defendants, at the request of Kelley, agreed to pay for the bricks the sum of $1,584, less $250, the price of

the lot; that they have paid $1,160.92, and tendered plaintiff a warranty deed to the lot in question, and $173.08, and kept the tender good by bringing the deed and money into court and depositing the same with the clerk thereof. The proofs, while conflicting, are ample to sustain the defense and the findings of the trial court. It can serve no useful purpose to set out the testimony of the several witnesses, or review the same here.

It is argued that the contract, so far as it related to the acceptance of the lot as a part of the consideration, is within the statute of frauds and void, since the agreement was oral and no note or memorandum thereof was reduced to writing. A sufficient answer to this contention is that the evidence tends to show that defendants have complied with their agreement, the deed for the lot has been executed and tendered, and plaintiff has fully performed by the delivery of the bricks. The action is not to enforce the specific performance of a contract claimed to be void under the statute, but which defendants have fully executed. The judgment is right and it must be

AFFIRMED.